UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY HAMILTON, and
VIC HAMILTON,

        Plaintiffs,

        Case No. 2:25-cv-14008

v.

        Honorable Susan K. DeClercq
        United States District Judge

COVEY FINANCIAL, LLC, and
RETURN ON INVESTMENT, LLC,

        Defendants.

_____/

## ORDER DENYING PLAINTIFFS' *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 2)

On December 12, 2025, Plaintiffs Ashley and Vic Hamilton, proceeding *pro se*, sued[1] Defendants Covey Financial, LLC ("Covey"), and Return on Investment, LLC (ROI). ECF No. 1. The Hamiltons' five-sentence complaint is bare bones but appears to assert several federal claims seemingly related to a mortgage or loan issued or serviced by Defendants. *See id.* at PageID.1 (alleging that "Defendants engaged in misapplication of payments, improper fees, and loss mitigation violations."). At the same time that they filed their complaint, the Hamiltons filed a motion for temporary restraining order (TRO). ECF No. 2. Notably, the Hamiltons

---

[1] On December 12, 2025, this Court sent a notice to the Hamiltons that if they did not pay the filing fee or file an application to proceed *in forma pauperis* within 14 days, their case may be dismissed. ECF No. 4 at PageID.7.

do not say what specifically they want a court order to restrain Defendants from doing. *See id.*

To date, there is no indication that the Hamiltons have attempted to serve the motion for TRO on either Defendant, nor has counsel for either Defendant appeared in the case. This means that the Hamiltons are proceeding *ex parte* on their motion for a TRO—that is, without written or oral notice to the adverse party.

Civil Rule 65 governs motions for temporary restraining orders and states that courts "may issue a temporary restraining order without written or oral notice to the adverse party" only when:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)–(B).

The Hamiltons have not complied with either of these requirements. First, as it stands, they have not articulated specific facts in an affidavit or verified complaint that immediate irreparable injury or loss will occur *before notice can be given to Covey and ROI. See* FED. R. CIV. P. (b)(1)(A). Indeed, it is not clear to this Court from the face of the Hamiltons' complaint or motion *what* the immediate irreparable injury might be. *See* ECF Nos. 1; 2. The Hamiltons allege only that they "face imminent and irreparable harm absent immediate court intervention." ECF No. 2 at

PageID.4. For this reason, this Court cannot determine what the alleged injury *is*, let alone whether it *will* occur before notice can be given to Covey and ROI. Accordingly, it is not clear that the "danger is so immediate to necessitate a TRO without an opportunity for the Defendants to be heard." *Jackson v. U.S. Bank Loan Serv.*, No. 09-12716, 2009 WL 2447485, at *3 (E.D. Mich. Aug. 6, 2009).

Second, the Hamiltons have failed to "certif[y] in writing any efforts made to give notice [of their motion] and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(B). Indeed, the Hamiltons have provided no evidence of any efforts to notify Covey and ROI of this case or motion, and they have not given any reason why notice should not be required. *See Wiggins v. Nationstar Mortg. LLC*, No. 14-cv-12680, 2014 WL 3400911, at *1 (E.D. Mich. July 10, 2014) (denying an *ex parte* TRO in part because the plaintiff did not comply with this requirement under Civil Rule 65(b)).

In sum, the Hamiltons have not complied with either procedural requirement of Civil Rule 65(b)(1), so their motion for TRO will be denied. *See Moore v. U.S. Ctr. for SafeSport*, 685 F. Supp. 3d 490, 495 (E.D. Mich. 2023) (denying motion for temporary restraining order because Civil Rule 65(b)(1) was not satisfied) (collecting cases).

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Temporary Restraining Order, ECF No. 2, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.


/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: December 15, 2025